UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL D. CARVER,

       Plaintiff,                              Hon. Janet T. Neff

v.                                                Case No. 1:21-cv-869

UNITED STATES OF AMERICA,

       Defendant.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff Michael Carver, proceeding pro se, filed a complaint against the Family Health Center (FHC) in the Eighth District Court for Kalamazoo County on or about June 28, 2021, alleging that it committed medical malpractice. (ECF No. 1-1.) On October 8, 2021, the United States filed a notice of removal and a certification pursuant to 42 U.S.C. § 233(c) certifying that FHC was a federal employee acting within the scope of its employment for purposes of Carver's action. (ECF Nos. 1, 5.) On October 13, 2021, the Court amended the caption to reflect the substitution of the United States for FHC as the proper defendant. (ECF Nos. 4, 8.)

Presently before me is the United States' Motion to Dismiss Carver's complaint for failure to administratively exhaust his claim before filing this action, as required by the Federal Tort Claims Act (FTCA). (ECF No. 19.) The motion is now fully briefed and ready for decision. Pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend that the Court **GRANT** the motion and dismiss Carver's complaint without prejudice.

## I. Background

According to Carver's allegations, in May 2021, he was seen at FHC by Danielle H. Ortega, D.O., an employee of FHC, regarding complaints of leg pain. (ECF No. 1-1 at PageID.18.) At that appointment, Dr. Ortega prescribed Carver Eliquis[1] for blood clots in his legs and Norco, a controlled substance, for pain. (*Id.*) On June 3, 2021, Carver saw a doctor at Bronson Hospital, who gave him different advice than Dr. Ortega about whether Eloquis would dissolve his blood clots. (*Id.* at PageID.10.) On June 10, 2021, Carver returned to Dr. Ortega and informed her that the doctor at Bronson had given him different information about the efficacy of Eliquis. (*Id.*) Carver then informed Dr. Ortega that he was recording their conversation and that he had taken "more [pain] medicine than normal," "double the amount" that Dr. Ortega had prescribed and had used up his entire prescription of Norco in two weeks. (*Id.* at PageID.10, 18.) Dr. Ortega told Carver that he should not have taken all his pain medicine within two weeks. She objected to Carver recording the conversation, refused to prescribe more pain medication, and told him that he would need to find a new provider. (*Id.* at PageID.17) Carver subsequently saw providers at Borgess Hospital and Bronson Hospital, who refused to prescribe him pain medication. (*Id.* at PageID.22, 24–25.)

## II. Basis of Motion and Applicable Standard

The United States' motion is based on the FTCA's exhaustion requirement, which provides, in pertinent part, as follows:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have

---

[1] Eliquis is a factor Xa inhibitor that is used to, among other things, reduce the risk of clotting in the legs and lungs of individuals who have had hip or knee replacement surgery. *See* https://www.drugs.com/eliquis.html.

2

>been finally denied by the agency in writing and sent by certified or registered mail....

28 U.S.C. § 2675(a).

The United States brings its motion to dismiss pursuant to Rule 12(b)(1) for lack of jurisdiction and, alternatively, pursuant to Rule 12(b)(6) for failure to state a claim. It notes that, over the years, the Sixth Circuit has referred to the FTCA's exhaustion requirement as a "jurisdictional prerequisite[] to filing suit," (ECF No. 20 at PageID.62 (quoting *Copen v. United States*, 3 F.4th 875, 880 (6th Cir. 2021) (citing *Exec. Jet Aviation, Inc. v. United States*, 507 F.2d 508, 514–15 (6th Cir. 1974)))), but recently, in an unreported decision, *Kellom v. Quinn*, Nos. 20-1003/1222, 2021 WL 4026789 (6th Cir. Sept. 3, 2021), it concluded that the exhaustion requirement is not jurisdictional. *Kellom* relied heavily upon *Copen*, which addressed the specific question of whether the "sum certain" requirement set forth in Section 2675(b) is jurisdictional. *Copen*, of course, held that it was not. 3 F.4th at 881–82. The court in *Kellom* simply took *Copen*'s reasoning one logical step further—the exhaustion requirement itself, which includes the "sum certain" requirement, is simply a claims processing rule. The court observed:

>The court in *Copen* considered the FTCA's requirement that a plaintiff specify the dollar amount he seeks to recover in his administrative claim, while the plaintiffs here failed to make any administrative claim at all before filing suit. *Compare* 28 U.S.C. § 2675(b), with *id.* § 2675(a). But *Copen*'s reasoning is still instructive. In *Copen*, we followed the Supreme Court's instruction to look for a clear statement by Congress before treating a statutory requirement as a jurisdictional rule. 3 F.4th at 880–81 (citing *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 515–16, 126 S. Ct. 1235, 163 L.Ed.2d 1097 (2006)). The FTCA's dollar-amount requirement does not explicitly limit our jurisdiction. So we held that failure to satisfy it does not deprive us of jurisdiction. *Id.* at 882.
>
>The same is true here. The FTCA's provision requiring plaintiffs to first file an administrative claim does not say anything about a court's jurisdiction. So consistent with *Copen*, failure to satisfy that requirement does not deprive a court of jurisdiction.

*Id.* at *3.

The United States contends that *Kellom* got it wrong and urges this Court instead to follow unreported decisions from the Tenth Circuit and the Fifth Circuit in *Gabriel v. United States*, 683 F. App'x 671 (10th Cir. 2017), and *Barber v. United States*, 642 F. App'x 411 (5th Cir. 2016), which held that the FTCA's exhaustion requirement is a jurisdictional bar. In deciding *Copen*, however, the court considered and rejected similar analyses by the Third Circuit in *White-Squire v. United States*, 592 F.3d 453, 457 (3d Cir. 2010), and *Mader v. United States*, 654 F.3d 794 (8th Cir. 2011) (en banc), which concluded that Section 2675 is an integral part of the United States' waiver of sovereign immunity and is thus jurisdictional. *Copen*, 3 F.4th at 880–81. The court in *Copen* found no indication of "clear Congressional intent to designate § 2675 a jurisdictional rule based on its placement in the statutory scheme." *Id.* at 882.

At least one district court in the Sixth Circuit has recognized that *Copen* and *Kellom* together establish that the exhaustion requirement in Section 2675(a) is a mandatory claims-processing rule rather than a jurisdictional prerequisite. *See Robinson v. Memphis Health Ctr., Inc.*, No. 2:21-cv-02450, 2022 WL 287931, at *3 (W.D. Tenn. Jan. 31, 2022). Moreover, it is notable that even before *Copen* and *Kellom*, several district courts within the Sixth Circuit, including a judge in this district, concluded that the exhaustion requirement in Section 2675(a) is a claim processing rule that does not implicate a federal court's jurisdiction. Those courts relied on the Supreme Court's decision in *United States v. Wong*, 575 U.S. 402, 409–12 (2015), that the FTCA's limitations periods set forth in 28 U.S.C. § 2401(b) are nonjurisdictional. For example, in *Jackson v. Donahoe*, No. 1:15-cv-3, 2015 WL 1962939, at *1 (W.D. Mich. May 1, 2015), the court cited *Wong* as authority for the proposition that the exhaustion requirement is not jurisdictional. The courts in *Powers v. United States*, No. 16-13668, 2018 WL 8345149 (E.D. Mich. Sept. 10, 2018), *report and recommendation adopted*, 2019 WL 1424331 (E.D. Mich. Mar. 29, 2019), and *Prince*

4

*v. National Labor Relations Board*, No. 1:16-cv-419, 2017 WL1424983 (S.D. Ohio Apr. 20, 2017), *report and recommendation adopted*, 2017 WL 3129145 (S.D. Ohio), relied on *Wong* in a more indirect manner. Both courts reasoned that, because *Hawver v. United States*, 808 F.3d 693 (6th Cir. 2015), expressly overruled *Singleton v. United States*, 277 F.3d 864 (6th Cir.2002), and *Rogers v. United States*, 675 F.2d 123 (6th Cir. 1982) (per curiam), in light of *Wong*, and because *Singleton* had held that "the failure to file a timely administrative claim under the FTCA bars federal jurisdiction," 277 F.3d at 873, the Sixth Circuit treats exhaustion under the FTCA as a condition precedent to filing suit which is subject to equitable tolling. *Powers*, 2018 WL 8345149, at *10; *Prince*, 2017 WL 1424983, at *4.

Although *Kellom* is an unpublished decision, and therefore not binding on this Court, *see Stone v. William Beaumont Hosp.*, 782 F.2d 609, 614 n.4 (6th Cir. 1986), I agree with the Tennessee court in *Robinson* that *Copen* and *Kellom* both persuasively establish that Section 2675(a) is a mandatory claims-processing rule rather than a jurisdictional prerequisite. As such, Rule 12(b)(6) is the proper vehicle for raising a plaintiff's failure to exhaust. *See Powers*, 2018 WL 8345149, at *10.

In deciding a motion to dismiss under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Handy-Clay v. City of Memphis*, 695 F.3d 531, 538 (6th Cir. 2012). "[A] complaint only survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barney v. PNC Bank*, 714 F.3d 920, 924 (6th Cir. 2013) (internal quotations and citations omitted).

### III. Discussion

The doctrine of sovereign immunity precludes suit against the United States without its consent. *Lundstrum v. Lyng*, 954 F.2d 1142, 1145 (6th Cir. 1991). A court therefore lacks subject matter jurisdiction over a suit against the United States unless it expressly consents to suit. *United States v. Testan*, 424 U.S. 392, 399 (1976). The FTCA provides a limited waiver of the United States' sovereign immunity and vests district courts with subject matter jurisdiction over certain tort claims against the United States. *Levin v. United States*, 568 U.S. 503, 506 (2013). The Act gives federal courts "exclusive jurisdiction over claims against the United States for 'injury or loss of property . . . caused by the negligent or wrongful act or omission' of federal employees acting within the scope of their employment." *Id.* (citing 28 U.S.C. § 1346(b)(1)). The FTCA "provides the exclusive remedy for claims against federally qualified health centers such as [FHC]." *Hawver*, 808 F.3d at 694 (citing 42 U.S.C. § 233). Therefore, Carver's malpractice claim may proceed only under the FTCA.

As noted above, before filing suit under the FTCA, a claimant must present the claim to the appropriate agency—here, the Department of Health and Human Services—and have the claim denied by the agency or wait at least six months. *See* 28 U.S.C. § 2675(a); *McNeil v. United States*, 508 U.S. 106, 113 (1993). Here, there is no issue that Carver did not exhaust his administrative remedies. He does not allege exhaustion in his complaint. In addition, in support of its motion, the United States submits a declaration from Meredith Torres, an Attorney in the General Law Division, Office of the General Counsel, Department of Health and Human Services, confirming that the agency has no record of Carver filing an administrative tort claim relating to FHC. (ECF No. 20-1 at PageID.66.) She further confirms that FHC was eligible for FTCA malpractice

coverage effective January 1, 2020, through the date of the events giving rise to Carver's claim. (*Id.* at PageID.67.)

Carver does not deny failing to present his claim to the Department of Health and Human Services prior to filing suit, and the arguments he raises in his response do not defeat the United States' motion. Regardless of his allegations of negligence, whether or not included in his complaint, he has failed to exhaust any claim with the appropriate agency. Moreover, Carver's assertion that he alleges federal claims under the United States Constitution, 42 U.S.C. §§ 1983 and 1985, and defamation and unlawful procurement claims under Michigan law, lacks merit, as he has not pled such claims or facts that would support them in his complaint.

Accordingly, because Carver has failed to administratively exhaust his malpractice claim, his complaint must be dismissed without prejudice. Carver may refile his action upon compliance with Section 2675(a).

### III. Conclusion

For the foregoing reasons, I recommend that the Court **grant** the United States' motion to dismiss (ECF No. 19) and dismiss Carver's complaint without prejudice.

Dated: February 11, 2022                     /s/ Sally J. Berens
                                             SALLY J. BERENS
                                             U.S. Magistrate Judge

### NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order.

*See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).